■ SANDRA DOSCHER, Plaintiff, v METROPOLITAN LIFE INSURANCE COMPANY, Respondent, ONE SOURCE, Appellant. [781 NYS2d 762]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered April 2, 2004, which, to the extent appealed from, upon reargument, granted Metropolitan Life Insurance Company's (MetLife) previously denied motion for summary judgment upon its cross claim for contractual indemnification against defendant One Source, unanimously affirmed, without costs.

Although the indemnification provision relied upon by MetLife, requiring One Source to indemnify MetLife for MetLife's own negligence, would be void pursuant to General Obligations Law § 5-322.1 (1), the provision is saved pursuant to General Obligations Law § 5-322.1 (2) by reason of having been agreed to in 1967, prior to the statute's enactment. MetLife has demonstrated as a matter of law that it and One Source expressly and unambiguously manifested an intention to continue to remain bound by the terms and conditions of their original 1967 service contract containing the subject indemnifi-

cation provision, and that the series of letter agreements between them, merely extending the term of the original contract, did not create new and distinct agreements postdating the enactment of General Obligations Law § 5-322.1. Nor was the denial of summary judgment upon MetLife's cross claim for indemnification otherwise warranted. Contrary to One Source's contention, the evidence demonstrates that the repair of the defect to which plaintiff attributes her harm was within the scope of the services One Source agreed to provide in the subject service contract with MetLife, and accordingly that, if there is a finding of liability against MetLife, the subject indemnification clause will apply. Concur—Nardelli, J.P., Ellerin, Lerner and Sweeny, JJ.